1

John A. Stocker
Patsy N. Stocker
3310 Valley Vista Dr.
Sedona, Arizona 86351
Telephone:  928-284-9256
Facsimile:

FILED _____ LODGED
_____ RECEIVED ____ COPY

**NOV 0 1 2007**

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____P DEPUTY

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA - PHOENIX DIVISION

John A. Stocker
Patsy N. Stocker

                    Plaintiff,

          vs.

Sierra Pacific Mortgage Services, Inc.,
Homecomings Financial, A GMAC Co.
John and Jane DOES 1 THROUGH 10,

                    Defendants.

Case No.: CV-67-8113- PCT- NVW

Assigned for all purposes to the
Honorable _____

**VERIFIED COMPLAINT FOR DAMAGES**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

### I. Preliminary Statement

1.  Plaintiff John A. Stocker and Patsy N. Stocker, (hereinafter "Plaintiff" or "Plaintiffs"), bring

this action against Sierra Pacific Mortgage Services, Inc., Homecomings Financial, A GMAC

Co., and John and Jane Does 1 – 10 to:

          (a) to enforce a rescission;

          (b) for reimbursement of all fees and costs paid in a consumer credit transaction pursuant

to violations of the Truth in Lending Act,15 U.S.C. §§ 1601 *et seq.* ("TILA"), and its

implementing regulations at 12 C.F.R. § 226 *et seq.* (Reg. Z);

          (c) for violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605

("RESPA"); and to

1    (d) rescind and cancel a deed of trust security interest.

2    2.  A rescission action may be brought against an assignee, regardless of whether the assignee is

3    a "creditor" or whether the violation was apparent on the face of the disclosure statement

4    under 15 U.S.C. § 1641(c).

5    3.  All claims amount to a serious breach of Defendants' fiduciary duties and will result in an

6    irregular and wrongful forced sale foreclosure if not enjoined.

7    4.  Plaintiff also seeks declaratory and injunctive relief to further restrain Defendants under

8    Arizona Revised Statutes Annotated ("ARS") §§ 44-1521 *et seq.*, common law fraud,

9    misrepresentation and deceit, against Defendants herein.  All such Arizona state law claims

10   are properly asserted under this Court's pendent or supplemental jurisdiction.

11   5.  The Defendants are proper parties to be sued for claims arising out of the transaction when

12   Defendants are attempting to *enforce contractual obligations* in a non-judicial foreclosure

13   and the consumer is in an affirmative or defensive position asserting a rescission claim under

14   TILA; Reg. Z, and asserting other statutory relief under RESPA, ARS, common law fraud,

15   misrepresentation or deceit, etc., and for any claims in recoupment and set-off against all

16   Defendants.

17                                    **II. Parties**

18   6.  Plaintiffs John A. Stocker and Patsy N. Stocker are both a consumer and a natural person as

19   that term is defined under 15 U.S.C. § 1602(h) and ARS § 44-1521.  Plaintiffs have rights as

20   a citizen domiciled here in Arizona, the owners of the *principal dwelling* known as 3310

21   Valley Vista Dr., Sedona, Arizona 86351 (hereinafter the "Property") and at all times

22   relevant and material hereto, reside on the Property as their family home.

23   7.  Defendant Sierra Pacific Mortgage Services, Inc., (hereinafter "Sierra Pacific"), is doing

24   business in this forum State of Arizona as an originator of mortgage loans.  This Defendant is

25   creditor as that term is defined under 15 U.S.C. § 1602(f) and Reg. Z § 226.2(a)(17) and at all

26   times relevant hereto is regularly engaged in the business of extending consumer credit for

27   which a finance charge is or may be imposed and is payable in more than four installment by

28   written agreement.  Defendant Sierra Pacific maintains an office in Arizona and a principal

office in California, may be served with service of process by serving the Officer in Charge at Sierra Pacific Mortgage Services, Inc., Attn. James E. Coffrini, 950 Iron Point Circle, Suite 200, Folsom, California and its statutory agent c/o National Registered Agents Inc., 638 North 5th Ave., Phoenix, Arizona 85003

8. Defendant Homecomings Financial, a GMAC Co. and affiliate of Residential Funding Corporation, (hereinafter "Homecomings Financial"), is a Delaware corporation. This Defendant engages in the practice of securitization of conventional federally related mortgage loans that are sold onto the secondary mortgage market whereby Homecomings Financial accepts assignments from a special purpose vehicle ("SPV") and from note holders, the true owners with undivided interests in a mortgage pool without any real interest except as a servicer pursuant to a Master Pooling and Servicer Contract. Homecomings Financial may be considered a functional creditor or, alternatively, is a Servicer strictly for administrative purposes and is subject to RESPA. Defendant Homecomings Financial is not a real party in interest unless it claims a pecuniary interest. However, this Defendant is joined and needed for just adjudication. This Defendant may be served with process by serving Homecomings Financial, Michael J. Kozlak, CEO, or Officer in Charge, 8400 Normandale Lake Blvd., Minneapolis, Minnesota, and by serving its statutory agent c/o Corporation Service Co., (Homecomings Financial LLC), 2338 West Royal Palm Rd., Suite J, Phoenix, Arizona 85021.

9. Defendants John and Jane Does 1-10 are involved in the instant case and transaction and are currently unknown to Plaintiff. Said entities will be joined upon further discovery of their true nature and liability once these facts are known and supported by competent evidence.

### III. Jurisdiction/Venue

10. This Court has Jurisdiction in this proceeding pursuant to 28 U.S.C. § 1331, pursuant to 15 U.S.C. § 1640(e) for TILA claims, pursuant to 12 U.S.C. § 2614 for RESPA claims, and pursuant to 28 U.S.C. § 1367 for supplemental jurisdiction of Plaintiffs' state law claims because Plaintiffs claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States

Constitution.  The Court has authority to issue a declaratory judgment by virtue of 28 U.S.C.

§ 2201.  Counts arising under contract, common law, and the law of conveyances in real

property are properly asserted under this Court's pendent jurisdiction.

11. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 generally whereby the real

property and a substantial part of the events and claims, the subject of this suit, are situated

here, including unlawful communications of Defendants' defiance to seek judicial guidance

are in this district, and Defendants' business practices are within the forum state of Arizona.

### IV. Conditions Precedent

12. All conditions precedent have been performed or have occurred and, at minimum, TILA

violations may be asserted affirmatively and defensively as a recoupment or set-off pursuant

to 15 U.S.C. § 1637 *et seq.*  The mere loss of a statutory right to disclosure is an injury that

gives the consumer standing for Article III purposes, *DeMando v. Morris*, 206 F.3d 1300 (9th

Cir. 2000)

13. Plaintiff has standing as of the date of the contract and where the contract is a federally

related mortgage transaction governed by TILA.

### V. Statement of Facts Material to the Transaction

14. The original application, copy attached hereto as EXHIBIT 1, and federally related mortgage

transaction at the root of this case was closed on or about April 4, 2007 (the "Closing")

15. Plaintiffs' application was to consolidate and refinance a previous mortgage loan transaction

covering real property then and now the primary principal residence and home of the

Plaintiffs.

16. At the purported Closing, Plaintiffs entered into a mortgage loan transaction (hereinafter the

"Transaction") with Defendant Sierra Pacific as the Lender and was provided with copies of

various documents to include those material to this case identified as Exhibits:

    a.  A Note, EXHIBIT 2

    b.  A Deed of Trust security instrument, EXHIBIT 3

    c.  An Interest – Only Rider to amend the security instrument , EXHIBIT 4

    d.  A Truth in lending Disclosure Statement, EXHIBIT 5

    e.  A HUD – 1 Settlement Statement, EXHIBIT 6

    f.  Notices of Right to Cancel, EXHIBIT 7

17. The Transaction required Plaintiffs to pay money arising out of a transaction in which money, property, or goods and services were the subject thereof and the same were primarily for personal, family and household purposes.

18. The Transaction is a Consumer Credit Transaction as that term is defined under 15 U.S.C. § 1602(h) and Reg. Z § 226.2(a).

19. The Transaction is a Closed-end Credit Transaction as that term is defined in Reg. Z § 226.2(10) where a security interest was retained in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") acting as a nominee for Lender and Lender's successors and assigns and as the beneficiary.

20. The Transaction is subject to all requirements set forth in 15 U.S.C. § 1638 and Reg. Z §§ 226.17 – 226.24.

21. The material documents specifically identified as Plaintiffs' EXHIBIT 2 through 7 all failed in one or more material respects to disclose to the Plaintiff in a form and manner required by applicable statute and regulation, the true nature and cost of this Transaction.

22. Specifically, EXHIBIT 7 is exactly comprised of the three (3) copies provided in a form Plaintiffs may retain and has omitted the date of the transaction and omitted the date rescission rights terminate.

23. Sierra Pacific ratified this transaction with ineffective Notice of Right to Cancel.

24. Sierra Pacific knew or should have known that they were not in possession of documents sufficient to sustain that Plaintiffs were provided two copies each of Notice of Right to Cancel, and that said Notices are defective with omitted dates of the transaction and omitted dates rescission rights terminate.

25. Plaintiffs have a continuing right to rescind the Transaction until the third business day after receiving both the proper Notice of Right of Rescission and delivery of all "material" disclosures correctly made in a form the Plaintiff may keep pursuant to 15 U.S.C. § 1635(a) and Reg. Z § 226.23(a), and the three-day right has not expired.

26. On or about August 21, 2007 Plaintiffs sent a Rescission Notice and qualified written request ("QWR") as that term is defined under 12 U.S.C. § 2605(e)(1)(B) to all known interested Parties, Sierra Pacific and Homecomings Financial, copies attached hereto and incorporated as if fully stated herein by reference as Plaintiffs' EXHIBIT 8 and 9 respectively.

27. The QWR also provided for Actual Notice to Rescind the Transaction subject to TILA, requests a full accounting under the purported collateral instruments so that Plaintiffs may tender, and surrender the value of the Property.

28. Homecomings Financial answered Plaintiff's QWR and refused to honor Plaintiffs' valid rescission as indicated in their responses dated Sept. 18, 2007, and Sept. 19, 2007, copies attached hereto and incorporated herein by reference as Plaintiffs' EXHIBIT 10 and 11.

29. Sierra Pacific is required under Reg. X, 24 C.F.R. § 3500.21(e)(2)(ii) to treat Plaintiffs' inquiry as a QWR when they are the initial Servicer and originator and the QWR is delivered within one year prior to relinquishing Servicer rights.

30. Sierra Pacific utterly failed to answer Plaintiffs' QWR and refused to honor Plaintiffs valid rescission as indicated herein.

31. Both Defendants are required under RESPA to provide a reasonable explanation as to why all documentation and information sought was not provided within sixty-days (60) under 12 U.S.C. § 2605(e)(2)(C) and both Defendants failed to do so.

32. Defendants' responses are unlawful, negligent, intentionally refuses to honor our valid rescission and fails materially to provide the Servicer related information and documentation disclosures material to ownership of this obligation under 15 U.S.C. § 1641(f)(2), as well as Servicer related disclosures

33. Defendants collectively have failed to timely and fully comply with Plaintiff's QWR and application to rescind the Transaction.

34. Each of the responses and omissions imposed by these Defendants induces such confusion as to source and sponsorship with respect to services and applicable statutes. The responses are intentionally unfair and deceptive.

35. A controversy has arisen due to Defendants failure to credit all previous payments so that

Plaintiffs may tender any balance and extinguish the Transaction by operation of law.

36. As of this date, all Defendants have been made aware of the TILA violations and their duty to comply with the requirements set forth by RESPA.

37. The foregoing acts and omissions of the Defendants were undertaken willfully, persistently, intentionally, knowingly, and/or in gross or reckless disregard of the rights of the Plaintiff.

**VI. Claims for Relief**

**Count 1 – Failure to Rescind under TILA & Reg. Z**

38. Plaintiff incorporates each paragraph set forth above as if fully stated herein.

39. As a result of Defendants failure to provide accurate material disclosures correctly with a proper Notice of Right of Rescission described above, Plaintiff is entitled and has exercised their right of rescission of the Transaction.

40. Rescission of the Transaction extinguishes any liability Plaintiff has to Defendants for finance or other charges arising from the Transaction.

41. Defendants' failure to take any action to reflect the termination of the security interest in the Property within twenty (20) days of rescission of the Transaction or seek judicial guidance releases Plaintiff from any liability whatsoever to Defendants arising from the Transaction.

42. Defendants have a fiduciary duty and obligation to perform upon notice of rescission by canceling this specific Transaction as well as any enforcement thereof. Accordingly, any alleged security instrument is void and unenforceable under 15 U.S.C. § 1635(b).

43. Defendants had twenty-days (20) to refund or credit the alleged account all monies paid and to void the security interest and Defendants have failed in their obligation to perform this duty and make a tender offer.

44. The Defendants have ignored the rescission notice and forfeited their right to receive any tender amount whereby the property implicitly vests in the Plaintiff.

45. Defendants performance is a condition precedent to Plaintiffs' duty to tender and failure to respond gives rise to statutory and actual damages under 15 U.S.C. § 1640.

46. Any further acts to enforce an invalid security instrument and impose finance charges are wrongful, improper, and a serious breach of the fiduciary duty associated with Defendants

obligations. Such acts violate TILA and RESPA, and are contrary to the explicit statutory requirements and contract between the parties.

47. Defendants have proceeded to unlawfully impose finance charges, and unlawfully initiate a foreclosure proceeding.

48. The foregoing acts and omissions of the Defendants were undertaken willfully, persistently, intentionally, knowingly, and/or in gross or reckless disregard of the rights of the Plaintiff

49. Said acts entitles Plaintiff to statutory and actual relief and orders enforcing rescission

## Count 2 – TILA

50. The original payee of the note and beneficiary of all other documents at a purported closing with Defendants acted in contravention of TILA 15 U.S.C. § 1601 *et seq*. and Reg. Z in the following particulars, each and all of which may also be asserted affirmatively and defensively by Plaintiffs as a result.

51. The TILA disclosure statements, all documents issued and requested by Plaintiffs in conjunction with this consumer credit transaction violated the requirements of Truth in Lending and Regulation Z in the following other respects

    a.  By failing to provide all required disclosures prior to consummation of the transaction in violation of 15 U.S.C. § 1638(b) and Reg. Z § 226.17(b),

    b.  By failing to make required rescission disclosures 'clearly and conspicuously' in writing in violation of 15 U.S.C. § 1632(a) and Reg. Z § 226.17(a)(1),

    c.  By failing to provide effectively the required number of Notice of Right to Cancel under 15 U.S.C. § 1635 and Reg. Z § 226.23(b),

    d.  By failing to provide the date of the Transaction or the expiration date rescission rights terminate in violation of Reg. Z § 226.23(b)(5)

    e.  By failing to timely disclose the name and address of the owner under 15 U.S.C. § 1641(f)(2)

## Count 3 – RESPA & Recoupment Claim Against Defendants

52. Plaintiff re-alleges and incorporates the Statement of Facts, and all Counts set forth above as if fully stated herein

53. The RESPA claims of the Plaintiff are so closely related to the Transaction and the Defendants failure to provide mandatory material disclosures throughout the course of this Transaction that they form the same basis and subject of claims set forth herein.

54. Plaintiff sent these Defendants a QWR as that term is defined under RESPA, 12 U.S.C. § 2605(e)(1)(B), regarding the crediting of payments and rescinding Transaction.

55. In the QWR, the Plaintiffs specified their reasons for belief that the account was in error, not in default, and requested that Defendants correct the error and rescind. Plaintiff also requested these Defendants provide sufficient information and reasonable documentation supporting material disclosure Servicer related activity.

56. Defendants violated RESPA, 12 U.S.C. § 2605(e)(2)(A), by failing to make any appropriate corrections to the Plaintiffs account in response to the QWR and valid rescission notice, including the crediting of any finance charges, and failing to transmit written notice of such corrections to Plaintiff.

57. These Defendants failed to provide a reasonable explanation as to why all documentation and information sought was not provided within sixty-days (60) under 12 U.S.C. § 2605(e)(2)(C).

58. Upon information and belief, Defendants violated RESPA, 12 U.S.C. § 2605(e)(3), by providing information to consumer reporting agencies regarding overdue payments allegedly owed by the Plaintiff that were related to (and the subject matter of) the QWR.

59. Defendants have willfully engaged in a pattern or practice of non-compliance with the requirements of the mortgage servicer provisions of RESPA as set forth in 12 U.S.C. § 2605.

60. Plaintiff is entitled to recoup the actual and statutory civil penalty provided by RESPA against any claim to enforce contractual obligations which may be allowed in favor of Defendants.

### Count 4 – Arizona Revised Statutes §§ 44-1521 *et seq.*

61. Plaintiff realleges and incorporates herein by reference Counts 1 through 3, and the allegations set forth above.

62. Plaintiff brings this action as a private attorney general acting on their own behalf, pursuant to ARS §§ 44-1521 *et seq.*, (the Arizona Consumer Fraud Act or "ACFA").

63. Plaintiff is acting in this capacity to remedy the ongoing unlawful, unfair and fraudulent business practices alleged herein, and to seek injunctive relief and restitution on their behalf as being affected thereby.

64. The foregoing acts and omissions of the Defendants affect inclusively trade and commerce, and affect merchandise as this term is defined under ARS §§ 44-1521 *et seq.*

65. The ACFA defines unfair competition to include any unlawful, unfair, or fraudulent business act or practice and provides that a court may order injunctive relief and restitution to affected parties as a remedy for any violations of the ACFA

66. Beginning on the dates indicated and at all times relevant herein, Defendants and the Doe Defendants have committed acts of unfair competition proscribed by the ACFA including the practices alleged herein against Plaintiff.

67. Prior to the filing of the complaint in this action, and continuing thereafter, Defendants have systematically violated the provisions of TILA, RESPA, the Transaction, the contract between the parties, and to such extent as to induce confusion of source, sponsorship of services, and rescission rights of Plaintiff.

68. These violations are and were a matter of Defendants standard corporate policy, and constitute a consistent pattern and practice of unlawful corporate behavior.

69. The business acts and practices of Defendants, as hereinabove alleged, constitute "unlawful" business practices under ACFA in that, for the reasons set forth above, said acts and practices violate the provisions of TILA, RESPA, the Transaction, and contract between the parties.

70. The business acts and practices of Defendants, as hereinabove alleged, constitute "unfair" business practices under ACFA in that said acts and practices offend *public policy* and are substantially injurious to the Plaintiff and all consumers. Said acts and practices have no utility that outweighs their substantial harm to the Plaintiff, consumers, and potential homeowners.

71. In the course of this Transaction, each Defendant made one or more misrepresentations and/or failed to make accurate representations and/or failed to provide material information about the Transaction as set forth more fully above.

72. Specifically Defendants processed and ratified the Transaction, substantially amended material disclosures under TILA, failed to apply rescission under TILA, failed to properly comply with RESPA provisions, failed to comply with the contract between the parties, failed to comply with substantive law of conveyance, and failed to comply with statutory good faith and fair dealing.

73. Said misrepresentations and failure to make accurate representations were made knowingly or with reason to know that Plaintiff would rely thereon.

74. Said misrepresentations and failure to make accurate representations were material to the Transaction from origination to present.

75. Said misrepresentations and failure to make accurate representations were made with intent and the Plaintiff relied thereon by sending a QWR, Rescission Notice, and filing this claim.

76. Plaintiff did reasonably rely as specified in these factual allegations.

77. Plaintiff was thereby damaged and has a substantial ascertainable loss.

78. The business acts and practices of Defendants, as hereinabove alleged, constitute "fraudulent" business practices under ACFA in that said acts and practices are likely to deceive the public and affected consumers as to their legal rights and obligations, and by use of such deception, falsifying documents and concealment, may preclude consumers from exercising legal rights to which they are entitled.

79. The unlawful, unfair and fraudulent business acts and practices of Defendants described herein present a continuing threat to members of the general public and the Plaintiff in that Defendants and the Doe Defendants are currently engaging in such acts and practices, and will persist and continue to do so unless and until an injunction is issued by this Court.

80. Pursuant to the ACFA Plaintiff seeks an order enjoining Defendants from engaging in the acts and practices as hereinabove alleged, and ordering that Defendants credit the Transaction and provide appropriate restitution to the Plaintiff.

81. Plaintiff seeks recovery of attorneys' fees, costs and expenses incurred in the filing and prosecution of this action pursuant to the ACFA and any other applicable law.

**VII – Jury Trial Demand**

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and hereby demands, a trial by jury.

### VIII. Prayer for Relief

WHEREFORE, as a result of the violations of TILA, pursuant to 15 U.S.C. §§ 1635(a), 1640(a), 1641(c), RESPA, and ACFA, Plaintiff prays for judgment against Defendants as follows:

1.      Rescission of this transaction,

2.      Termination of any security interest in Plaintiff's property created under the transaction,

3.      Return of any money or property given by the Plaintiff to anyone, including all Defendants, in connection with this transaction,

4.      Statutory damages of no less than $2,000 for the disclosure violations, or in the amount of twice the finance charge in connection with this entire transaction, but not less than $2,000 as provided under 15 U.S.C. § 1640

5.      Statutory damages of no less than $2,000 for Defendants' failure to respond properly to Plaintiffs rescission notice,

6.      Forfeiture of return of loan proceeds,

7.      Enjoin Defendants during the pendency of this action, and permanently thereafter, from instituting, prosecuting, or maintaining a non-judicial foreclosure proceeding on the Plaintiffs property, from recording any deeds or mortgages regarding the property or from otherwise taking any steps to deprive Plaintiff of ownership of the property,

8.      Order Defendants to return any and all monies or property given by Plaintiff to anyone, including all Defendants, in connection with the Transaction,

9.      Order that, if Defendants fail to further respond lawfully to Plaintiffs' notice of rescission, Plaintiff has no duty to tender, but in the alternative, if tender is required, determine the amount of the tender obligation in light of Plaintiffs' claims, and order Defendants to accept tender on reasonable terms and over a reasonable period of time,

10.      Statutory Damages of $1000 for each RESPA violation

11.      Statutory Damages as provided for ACFA violations,

12.    Reasonable attorney fee and costs of suit,

13.    Actual damages in an amount to be determined at trial,

14.    For such other and further relief as the Court may deem just and proper.

## VERIFICATION

I, John A Stocker and Patsy N. Stocker, hereby certify that the facts contained in the foregoing Complaint are true and correct to the best of our knowledge, information and belief.

Dated: October 31, 2007

By: _____
John A. Stocker
3310 Valley Vista Dr.
Sedona, Arizona 86351
Telephone:  928-284-9256

And

By: _____
Patsy N. Stocker
3310 Valley Vista Dr.
Sedona, Arizona 86351
Telephone:  928-284-9256